IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RISEANDSHINE CORPORATION d/b/a RISE BREWING | |
| Plaintiff, | Case No. 1:21-CV-3198 |
| v. | Honorable John Z. Lee |
| PEPSICO, INC. | |
| Defendant. | |

**DEFENDANT PEPSICO, INC.'S OPPOSED MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant PepsiCo, Inc. ("PepsiCo") respectfully moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(a) to extend the time to file its answer or otherwise respond to Plaintiff's Complaint until after the Court rules on PepsiCo's pending Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer"). PepsiCo has moved the Court to transfer this matter to the Southern District of New York because of the significant connections of this case to that forum, and the absence of significant connections here. *See* Dkt. 20. That motion will be fully briefed by August 3. *See* Dkt. 24. PepsiCo's deadline to answer or otherwise respond to the Complaint is currently due on July 7, 2021.

Transferring this suit to New York would subject the matter to different procedural and substantive federal governing law and local rules. Accordingly, filing a responsive pleading now would be inefficient and premature. Good cause exists to extend PepsiCo's time to answer or otherwise respond. Such extension will not prejudice Plaintiff, especially because it already waited

1

over five months to seek injunctive relief and has not identified *any* actual harm or purchasing consumer confusion from the ongoing sales of MTN DEW RISE ENERGY beverages.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

1. Plaintiff first contacted PepsiCo about its forthcoming MTN DEW RISE ENERGY drinks nearly six months ago. Despite admittedly being aware of PepsiCo's development and impending nationwide sales of MTN DEW RISE ENERGY-branded beverage products since at least as early as January 2021, Plaintiff RiseandShine Corporation ("RBC") waited more than five months, until June 15, 2021, to file this action alleging that PepsiCo's MTN DEW RISE ENERGY drinks infringe various trademarks owned by RBC under federal trademark laws as well as Illinois state law.

2. Less than two weeks after RBC's initiation of this suit, after considering the allegations in RBC's Complaint, PepsiCo promptly filed its Motion to Transfer, as this matter and the conduct alleged in the Complaint have no material connection to the state of Illinois.

3. The next day, on June 29, 2021, the Court entered a briefing schedule on PepsiCo's Motion to Transfer. Pursuant to that order, RBC must file its response by July 20, 2021, and PepsiCo will file its reply by August 3, 2021.

4. On June 29, 2021, over five months after RBC learned of PepsiCo's MTN DEW RISE ENERGY-branded beverages, over three months after the nationwide launch of those products in March 2021, two weeks after filing its Complaint, and after the filing of PepsiCo's Motion to Transfer, RBC moved this Court for a preliminary injunction. *See* Dkt. 25. As of the date of this Motion to Extend, no briefing schedule has been set for RBC's Motion for Preliminary Injunction. PepsiCo expects to file a motion, once RBC informs PepsiCo whether the motion is

opposed, asking the Court to decide the Motion to Transfer first, so that the forum of this lawsuit is decided before any briefing or consideration of RBC's Motion for Preliminary Injunction.

5. PepsiCo's deadline to answer or otherwise respond is currently July 7, 2021, and PepsiCo requests that deadline be extended to 21 days after the Court's disposition of the pending Motion to Transfer.

6. Prior to filing this Motion to Extend, PepsiCo's counsel contacted RBC's counsel on June 30, 2021, regarding whether this motion should be filed as opposed or unopposed. RBC's counsel responded that RBC opposed PepsiCo's motion on the basis that they "believe this is a matter requiring expedited resolution."

### II. ARGUMENT AND AUTHORITIES

7. Under the Federal Rules of Civil Procedure, this Court may for good cause allow motions for extensions of time. FED. R. CIV. P. 6(b)(1). Courts in this District and elsewhere have granted or acknowledged the benefits of extending the time to answer or otherwise respond to a complaint in light of a pending motion to transfer venue. *See, e.g.*, *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CV 3690, 2013 WL 4506000, at *2 (N.D. Ill. Aug. 23, 2013) (noting that the magistrate judge granted defendant "an extension of time to answer or otherwise plead up to and including 30 days after" entry of the transfer decision); *Blazevic v. Severstal N. Am., Inc.*, 2005 WL 8177413, at *1 (N.D. Ill. Oct. 24, 2005) (noting that the court granted "several extensions of time to answer or otherwise plead based on the pendency of the motion to transfer that is presently before this Court"); *Mir v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 1237143, at *2 (C.D. Ill. Mar. 18, 2019) ("Defendant['s] Motion for Leave to File Answer or Responsive Pleading After the Court Rules Upon the Pending Motion to Transfer Venue is ALLOWED.

Defendant shall answer or otherwise respond to the First Amended Complaint within 21 days after the District Court rules on the pending Motion to Transfer Venue Pursuant to Section 1404(a).").

8. Good cause exists to extend the answer deadline. Should the Motion to Transfer be granted, the case will be transferred to the Southern District of New York, which is in the Second Circuit. RBC's Complaint currently relies on Seventh Circuit case law for its federal claims and asserts Illinois state-law claims. Should PepsiCo file an answer in this jurisdiction, it will be responding to federal claims under Seventh Circuit law, which does not necessarily correlate with the jurisprudence of the Second Circuit. RBC may also decide to drop its Illinois state-law claims if this suit is not pending here, given that RBC is not an Illinois resident and this case has no material connections to Illinois. Extending the time to answer or otherwise respond is the most efficient course of action, and will minimize burdens on the parties and this Court.

9. RBC will not be prejudiced by an extension of PepsiCo's deadline to answer or otherwise respond. RBC's stated reason for opposing this motion is that this case requires "expedited" resolution, but an extension of time for a responsive pleading will not meaningfully (if at all) impact timing for the ultimate resolution of this case or RBC's Motion for Preliminary Injunction. Extending PepsiCo's time to respond will not result in delay, but will instead ensure that any responsive pleading or motion ultimately filed will be appropriately tailored to the current scope of the case, reducing the likelihood of burdening the Court and the parties with motion practice relating to amending the pleadings.

10. RBC's stated reason for opposition is also belied by its conduct. RBC waited nearly six months to file suit, did not seek a temporary restraining order either before or after the March 2021 launch of MTN DEW RISE ENERGY, did not file its Motion for Preliminary Injunction until June 29, 2021—an additional two weeks after filing the Complaint—and when it finally did

4

file that Motion, adduced no evidence of any actual purchasing consumer confusion. RBC's actions to date demonstrate no pressing exigency or rationale not to grant PepsiCo's Motion to Extend, and thus granting this reasonable extension will not prejudice RBC.

WHEREFORE, PepsiCo respectfully requests that the Court extend the time for filing the answer or responsive pleading to RBC's Complaint until 21 days after the Court rules on its pending Motion to Transfer Venue to the Southern District of New York.

Dated: July 1, 2021  Respectfully submitted,

By: /s/ *Sondra A. Hemeryck*

RILEY SAFER HOLMES & CANCILA LLP

Thomas B. Quinn
Sondra A. Hemeryck
Valerie H. Brummel
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
tquinn@rshc-law.com
shemeryck@rshc-law.com

BAKER BOTTS L.L.P.

Timothy S. Durst (*pro hac pending*)
Paul J. Reilly (*pro hac forthcoming*)
Susan Cannon Kennedy (*pro hac pending*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: +1.214.953.6500
Facsimile: +1.214.953.6503
tim.durst@bakerbotts.com
paul.reilly@bakerbotts.com
susan.kennedy@bakerbotts.com

**ATTORNEYS FOR DEFENDANT PEPSICO, INC.**

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, certify that on July 1, 2021, I caused a copy of the foregoing document to be electronically filed using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

                                                   */s/ Sondra A. Hemeryck*