# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RISEANDSHINE CORPORATION d/b/a RISE BREWING | |
| Plaintiff, | Case No. 1:21-CV-3198 |
| v. | Honorable John Z. Lee |
| PEPSICO, INC. | |
| Defendant. | |

**DEFENDANT PEPSICO, INC.'S OPPOSED MOTION TO HOLD BRIEFING REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION IN ABEYANCE PENDING A RULING ON PEPSICO'S MOTION TO TRANSFER VENUE**

Defendant PepsiCo, Inc. ("PepsiCo") respectfully asks the Court to decide PepsiCo's Motion to Transfer Venue (Dkt. 19) before any briefing schedule is set for Plaintiff's Motion for Preliminary Injunction (Dkt. 25). PepsiCo has filed a motion to transfer venue to the Southern District of New York. Afterwards, Plaintiff filed a motion for preliminary injunction. Judicial economy will be served by deciding the transfer motion before briefing the preliminary injunction motion. Both the preliminary injunction standard and the substantive law applicable to the likelihood of success on Plaintiff's federal claims are matters of Circuit law. Moreover, local rules and trial court orders will govern the form and substance of the briefing. To decide the place for this dispute first will significantly advance judicial economy as well as conserve the parties' resources.

Plaintiff will not be prejudiced by having the venue issue decided first. Plaintiff waited more than five months after first contacting PepsiCo about MTN DEW RISE ENERGY drinks before filing this suit, then waited another two weeks to file its Motion for Preliminary Injunction.

Ruling on the Motion to Transfer before turning to Plaintiff's preliminary injunction motion does not prejudice Plaintiff given its own actions. For these reasons, PepsiCo asks the Court to hold in abeyance Plaintiff's Motion for Preliminary Injunction until a ruling is issued regarding PepsiCo's Motion to Transfer Venue. In support of this motion, PepsiCo states as follows:

## I. BACKGROUND

1. More than five months ago, Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("RBC") first contacted PepsiCo about its forthcoming MTN DEW RISE ENERGY drinks. On January 11, 2021, RBC's outside counsel sent a letter to PepsiCo regarding PepsiCo's planned launch of the MTN DEW RISE ENERGY product, demanding that PepsiCo "abandon any attempt" to use the mark and requesting a response by January 26, 2021. *See* Declaration of Marc Hanson ("Hanson Decl."), Ex. A (Dkt. 22-1).

2. By letter dated January 26, 2021, PepsiCo's trademark counsel explained the many reasons why there is no conflict between MTN DEW RISE ENERGY and RBC's RISE NITRO BREWING CO. marks, including that RBC's marks coexist with more than 30 other active, third-party registrations or allowed applications that include the term RISE for beverages and related breakfast foods or snacks in Class 30 (the primary category for the RBC marks), as well as numerous uses of marks containing the term RISE for coffee, other beverages, and coffee-related products and services. *Id.*, Ex. B (Dkt. 22-2). In the letter, PepsiCo also included samples of how the MTN DEW RISE ENERGY mark would appear on the packaging. *Id.*

3. On March 15, 2021, MTN DEW RISE ENERGY launched nationwide. *See* Hanson Decl. ¶ 19. At the time of the launch and though seven (7) weeks had passed, PepsiCo had not received any response from RBC to its January 26, 2021 letter.

4. Three months after the national launch of MTN DEW RISE ENERGY, on June 15, 2021, RBC filed its Complaint, alleging that MTN DEW RISE ENERGY drinks are likely to cause confusion with trademarks owned by RBC. (Dkt. 1).

5. Within two weeks of the filing of this suit, on June 28, 2021, PepsiCo moved to transfer this case to the Southern District of New York. (Dkt. 19). Transfer to the Southern District of New York under 28 U.S.C. § 1404(a) is proper because this case has significant connections to New York, and no material connections to Illinois. On June 29, the Court issued an order setting the briefing schedule on the Motion to Transfer. (Dkt. 24). The response to PepsiCo's Motion to Transfer is due by July 20, 2021 and the reply is due by August 3, 2021. *Id.*

6. On June 29, 2021, RBC filed a Motion for Preliminary Injunction (Dkt. 25) even though MTN DEW RISE ENERGY drink, which is in a different product category and is not a coffee-based beverage, has been in the market and coexisting with RBC's products for over three months with no known instance of a purchasing consumer being confused. The exhibits RBC attached to its Motion for Preliminary Injunctions further demonstrate that this case has no material connections to Illinois and that New York is a clearly more convenient forum. Indeed, RBC submitted declarations for three RBC executive officers (its CEO, its COO, and its Chief Creative Officer), two of those three work in New York.

7. Prior to filing this motion, PepsiCo's counsel contacted RBC's counsel on July 1, 2021, regarding whether this motion should be filed as opposed or unopposed. RBC's counsel responded on July 2 that RBC opposes the motion.

## II. LEGAL STANDARD

8. This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248,

3

254 (1936)). While PepsiCo is not seeking an entire stay of the proceedings, the factors courts consider when deciding whether to stay proceedings show why, in this case, RBC's preliminary injunction motion should be held in abeyance until the Court has ruled on PepsiCo's venue motion. This Court's inherent authority "includes the power to stay proceedings where the party seeking the stay would be spared 'hardship or inequity,' the prejudice to the non-movant would be comparatively minor, and the stay would significantly advance judicial economy." *Freed*, 215 F. Supp. 3d at 658; *see also, e.g., Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citation omitted)).

### III. ARGUMENT

**A. Resolving the venue issues first significantly advances judicial economy and spares PepsiCo hardship.**

9. Where this case proceeds will affect the preliminary injunction briefing. The applicable standards and substantive law for preliminary injunctions are matters of Circuit law, and RBC asserts federal-law claims. If the Court grants the motion to transfer venue, briefing on the preliminary injunction request would proceed under Second Circuit law. Further, district courts and their local rules will determine the briefing schedules and set requirements for the form and content of the briefs. Accordingly, a briefing schedule regarding the Motion for Preliminary Injunction should not be set until the venue for this dispute is determined, so that the preliminary injunction briefing will comport with the applicable law, court orders, and local rules. To decide in which venue this case should proceed before substantively addressing the preliminary injunction request will conserve both the Court's and the parties' resources. If transferred, only one court need address briefing issues for the motion. And it will be more efficient and more equitable for

PepsiCo to know which law governs before substantively responding to RBC's Motion for Preliminary Injunction based on alleged trademark infringement.

  **B.  Resolving the venue issues first will not prejudice RBC.**

  10.  Resolving the more convenient forum for this dispute, before addressing the preliminary injunction schedule, will not prejudice RBC, particularly in view of its long delay in bringing this case and the already-set briefing schedule for the transfer motion, which will be fully briefed in a little over a month.

  11.  RBC's actions leading up to and during this suit show that there is no keen urgency here. RBC did not file its lawsuit until more than five months after it first contacted PepsiCo about MTN DEW RISE ENERGY. RBC then waited another two weeks to file its motion for preliminary injunction and did not seek a temporary restraining order—presumably because there is no immediate, irreparable harm. RBC has not even provided evidence of any instance of a purchasing consumer being confused concerning PepsiCo's MTN DEW RISE ENERGY and RBC's RISE NITRO BREWING CO. marks. There is no prejudice here to outweigh the significant benefits of first deciding the forum for this suit before addressing the merits.

  WHEREFORE, PepsiCo respectfully requests that this Court hold in abeyance any proceedings on RBC's Motion for Preliminary Injunction until this Court rules on PepsiCo's pending Motion to Transfer Venue and grant any other relief the Court deems just and proper.

Dated: July 2, 2021	Respectfully submitted,

                                          RILEY SAFER HOLMES & CANCILA LLP

By:   /s/ *Sondra A. Hemeryck*
       Thomas B. Quinn
       Sondra A. Hemeryck
       Valerie H. Brummel
       70 W. Madison Street, Suite 2900
       Chicago, IL 60602
       (312) 471-8700
       tquinn@rshc-law.com
       shemeryck@rshc-law.com
       vbrummel@rshc-law.com

       BAKER BOTTS L.L.P.

       Timothy S. Durst (*pro hac pending*)
       Paul J. Reilly (*pro hac pending*)
       Susan Cannon Kennedy (*pro hac pending*)
       2001 Ross Avenue, Suite 900
       Dallas, Texas 75201-2980
       Telephone: +1.214.953.6500
       Facsimile: +1.214.953.6503
       tim.durst@bakerbotts.com
       paul.reilly@bakerbotts.com
       susan.kennedy@bakerbotts.com

       **ATTORNEYS FOR DEFENDANT PEPSICO, INC.**

## CERTIFICATE OF SERVICE

  I, undersigned counsel, certify that on July 2, 2021, I caused a copy of the foregoing document to be electronically filed using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

                  /s/ Sondra A. Hemeryck